## Pennsylvania Railroad Company *versus* Price.

1. The Act of April 4th 1868 provides, " That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on, or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee, the right of action in all such cases against the company shall be only such as would exist if such person were an employee, provided this section shall not apply to passengers." *Held*, that a route or mail agent in the employ of the United States Post Office Department, while travelling on a railroad in the performance of his duties, is not a passenger within the meaning of the act.

2. A passenger, in the legal sense of the word, is one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, as the payment of fare or that which is accepted as an equivalent therefor.

3. A mere trespasser, a person who steals a ride upon a train, or who is employed thereon, is not a passenger within the meaning of the Act of 1868, nor entitled, as such, to protection.

November 12th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1880, No. 274.

Case by Anna M. Price, widow of Alfred J. Price, and Jessie Price, Stella Price and Anna Price, minors, by their mother and next friend, Anna M. Price, against the Pennsylvania Railroad Company, operating the Western Pennsylvania Railroad, to recover damages for the death of the said Alfred J. Price, caused by a collision of two trains on the Western Pennsylvania Railroad.

[Pennsylvania Railroad Co. *v.* Price.]

The jury found the following special verdict: " We find for the plaintiff in the sum of five thousand dollars, subject to the opinion of the court on the question of law reserved, to wit: We find that A. J. Price, at the time of his death was 'route agent' of the United States Post-Office Department, duly appointed and commissioned, his route being on the Western Pennsylvania Railroad, from Allegheny City to Blairsville, in the state of Pennsylvania. That his duties as such agent required him to be on the mail car on the mail train of said road, to receive and deliver mail matter along the route, and to assort the mail matter. That for the purpose of his business and that of the postal department, and in accordance with the laws of the United States and the regulations of the Post-Office Department, and acceptance thereof by the railroad company, one end of the baggage-car on the mail train was divided off and fitted up for the use of the department in carrying the mails, and that the duties of said route agent required him to be in said room in the car during the running of the train.

" That said Price was daily on said train, making a round trip from Allegheny City to Blairsville and return.

" That on the 23d day of July 1877, while at his post, in his room in said car, Mr. Price was killed in a collision of the mail train coming west with another train of the defendant company going east.

" That said collision was caused by the negligence or misconduct of the conductor and engineer in charge of the train going east, in neglecting or disobeying orders, and in the failure to take necessary precautions to avoid a collision. We find that the Pennsylvania Railroad Company by resolution, dated 16th April 1868, accepted the provisions of the Act of Assembly, approved 4th April 1868, Pamph. L., p. 59; and that at the time of the collision the Pennsylvania Railroad Company was operating the Western Pennsylvania Railroad under lease.

" If, under this finding of facts, and under the Acts of Congress and Acts of Assembly offered in evidence, and the postal regulations in evidence, the court should be of opinion that the plaintiffs, as widow and children of deceased, are entitled to recover, judgment to be entered on the verdict in favor of plaintiffs. If the court should be of the opinion that the law is with the defendant then judgment be entered in favor of defendant *non obstante veredicto.*"

The court, Ewing, P. J., entered judgment on the verdict for plaintiffs, in an opinion saying:

" While lawfully on the train of the defendant company on the way from Blairsville to Pittsburgh, the husband and father of the plaintiffs was killed by a collision of trains resulting from gross negligence of defendant's agents. He was not an employee of the company; he was in his proper place, guilty of no misconduct or

15 NORRIS—17

[Pennsylvania Railroad Co. *v.* Price.]

negligence. The plaintiffs are clearly entitled to recover, unless precluded therefrom by the terms of the first section of the Act of 4th April 1868, Pamph. L., page 58, which is as follows:

" ' That when any person shall sustain personal injury or loss of life while lawfully engagèd or employed on. or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which such person is not an employee, the right of action and recovery in all such cases against the company shall be such only as would exist.if such person were an employee. Provided, *That this section shall not apply to passengers.*'

" The plaintiff's husband was ' route agent' for the United States Post-Office Department, travelling daily over defendant's road from Allegheny City to Blairsville and return, in charge of the United States mails, receiving and delivering mails at intermediate stations, and assorting and delivering the mails at the termini of the trip.

" Under the statutes and regulations of the post-office department the defendant company received a gross sum for transporting the mails and the route agent; likewise furnishing a car properly fitted for the purpose. Is the case governed by the Act of Assembly above quoted?

" At common law the action would have abated at the death of A. J. Price. If plaintiffs are entitled to recover it is by virtue of the 26th section of the Act of 31st April 1846, chartering the company, and the Act of 15th April 1851. The right to recover in such cases being a statutory right, the legislature had power to modify and restrict that right as to any and all classes of persons. We are, therefore, unable to see that the fact that Mr. Price was at the time of the injury in the employ of the United States government has any effect on the question. We know of no sanctity or superior right created by such employment, nor do we conceive that it would affect the question had the deceased been on an interstate route. The right to recover is based wholly on the laws of Pennsylvania. This Act of 1868, has received authoritative construction in Kirby *v.* Pennsylvania Railroad Co., 26 P. F. Smith 506, and Ricard *v.* The N. Penna. Railroad Co., 8 Norris 193. The terms of the act are very broad. It included all persons *lawfully employed* in or about the roads, trains, cars, &c., of the railroad company. The terms of the section being so broad the minds of the legislature seems to have been directed to the danger of going beyond the supposed evil intended to be remedied and the proviso is added : ' *This section shall not apply to passengers.*'

" To our minds it is very clear that Price was lawfully employed on the train of the defendant, at the time of his injury, and unless saved by the proviso as to passengers the plaintiffs cannot recover.

" Was Price a passenger ? Webster defines a passenger : ' One

who travels in some conveyance, as a stage coach or steamboat.'
The fact that a man is employed on his travels does not exclude
him from being a passenger in the popular acceptation of the term,
nor does it in view of the statute, else why the proviso excepting
passengers? While in our view of the case the deceased was car-
ried for hire, in view of the many authorities, some of which will
hereafter be referred to, we deem it immaterial as to whether or not
he was carried for hire or carried free, nor is it material that he
was carried on a contract of another with the defendant.

" In the case of Collett v. L. & N. W. Railway, 16 Q. B. 984,
plaintiff was a mail agent travelling in the course of his employment
on defendant's train. The mail and agents were carried under the
directions of an Act of Parliament and regulations similar to those
of our case—except that the agent was to be carried free. Plain-
tiff was injured by negligence of defendant's servants. It was
held to be immaterial that he was carried under a contract with the
government. *That he was a passenger carried by consent of the
company, to whom they owed the duty to carry safely.*

" In the case of Nolton v. Western Railroad Co., 15 N. Y. 444,
plaintiff was a mail agent, carried under the same statute and
orders as was Price, when he (plaintiff) was injured by the gross
negligence of defendant's employees. Held, that he was entitled
to recover as a passenger, to whom the company owed a duty. In
Yeomans v. The Contra Costa Steam Navigation Co., 44 Cal. 71,
the plaintiff was agent or messenger for Wells, Fargo & Co., and
was carried under a contract of the express company with the de-
fendant, whereby the defendant agreed to carry the freight and
messenger for a fixed monthly compensation. The plaintiff while
on the car of the defendant company was injured by reason of the
negligence of defendant's servants. Held, that the plaintiff. was a
passenger and entitled to recover. In Blair v. The Erie Railroad Co.,
66 N. Y. 313, the plaintiff was an express agent on the train in the
course of his business, in pursuance of a contract, whereby the rail-
road company contracted to transport the freight of the express com-
pany for a certain consideration, and to transport the money safes
and messengers free of charge. Plaintiff was allowed to recover.
In argument of the case the court treated the agent as a passenger,
carried without hire. In Hammond v. N. E. Railroad Co., 6
Richardson (D. C.) 130, the plaintiff was a route agent in per-
formance of his duty when injured by the negligence of the defend-
ant's employees. The conditions were precisely similar to those
of our case. The court held, plaintiff entitled to recover, clearly
putting it as a case of a passenger, although not in terms calling
him such. In Pennsylvania Railroad Co. v. Henderson, 1 P. F.
Smith 315, plaintiff's husband was a drover in charge of his cattle
on defendant's train, he riding on a drover's pass, directing the con-
ductor of the passenger car attached to stock train *to pass the*

*bearer in charge of his stock* in certain cars. In an exhaustive opinion the court held the plaintiff entitled to recover for the death occurring by the negligence of defendant's agents. Throughout the whole opinion the decedent is treated as a passenger. Numerous other cases are to the same effect. In most of these cases the person injured was employed on the train, the travel being but an incident of the employment.

"In the case before us, while Price was employed, he was not in any way responsible for the running of trains. The conductor had no more power over him and no less than over any other passenger on the train. He had his proper place on the train, but that and his regular travels were all that distinguished him from the other passengers.

"The case of the.Pennsylvania Railroad Co. *v.* Henderson, and several of the.other cases cited, had been decided before the passage of the Act of 1868. It is a fair presumption that the legislature had this class of cases in view when the proviso excepting passengers was inserted. Being of the opinion that the deceased at the time of his injury was a passenger on defendant's train within the meaning of the proviso of the Act of 1868, the plaintiff is entitled to recover."

The defendant took this writ alleging that the court erred in entering judgment for plaintiffs.

*Hampton & Dalzell,* for plaintiff in error.—The relation of a railroad company to one carried on its train must arise by. a contract, express or implied, with the person carried. There must be a compensation paid, or something given or done by the person carried that in law amounts as the equivalent of compensation to the carrier. If there be no privity of contract between them, the relation of passenger and carrier cannot exist, and no action can be maintained by one riding on the train and injured if he is there illegally. A person stealing a ride on a train could not recover, if hurt, nor could one travelling over it, even daily, with the assent of the conductor, but not paying fare, have a right to damages if hurt : Duff *v.* Allegheny Valley Railroad Co., 10 Norris 458.

We are to construe the term "passenger" in the proviso in the ordinary and usual acceptation of the term. It represents a class and applies.to a person wholly disconnected from the service of the company that is to carry him, and equally disconnected from the performance of any duty on the train. The contract between him and the carrier is to safely transport him on the payment of ̓fare from one place to another, and the duty so to do must grow out of such a contract : Pennsylvania Railroad Co. *v.* Books, 7 P. F. Smith 346, and in Pennsylvania Railroad Co. *v.* Creed, 5 Norris 139.

The authorities plainly indicate, when applied to the facts of the present case, that Price was a stranger to the arrangement

[Pennsylvania Railroad Co. *v.* Price.]

between the government and the company for the carriage of the mails, and if he were living and had been injured, instead of killed by the collision, he could not maintain an action for damages against the company based upon the fact that he was a passenger and his fare paid in the round sum given by the government for the transportation of the mail.    To that contract he was a stranger; no promise was made to him by the company for safe carriage; no consideration moved from him to it.    He went along with the mail to distribute and have the control of it, and his being on the train was incident to the service he was performing.    As between the company and the government he was the paid agent of the latter to perform such service, but as between him and the company he was directly within the very terms of the Act of 1868.

All the authorities cited by the learned judge are fully met and reconciled by the Act of 1868, and the decisions this court has made on it.    It was held in Kirby's Case to be a police regulation, and that every one who entered the service of a railway company to follow an employment must take the risk of injury with a right of recovery only against the persons who caused it.    That the relation of the person carried to the company was one established by the statute and not by contract.    That one who thus voluntarily places himself in a dangerous position alongside of the servants of the company assumes a certain risk, and with his eyes open, and cannot hold the company liable for injuries or death caused by its employees.

In construing the word passengers in the proviso to the act we rely upon not only its legal but its usual and customary meaning. The learned judge below, in his opinion, gives Webster's definition of the term "passenger," which, in a general way, may be correct. But when the legal status of one claiming to be a passenger is the subject of discussion, a legal definition is more apt and forcible than one by Webster.

We understand the word in the act to mean, such person as ordinarily travels from one place to another upon the payment of fare, or upon its equivalent given by him.    In no sense can one, running as a mail agent, express agent, or in any like capacity on a train be classed under the head of a passenger.    He is a travelling employee, and not a passenger travelling on an ordinary journey.

In considering the act, and the decisions before it, and the decisions on it, made since its passage, the following conclusions seem to be clear of doubt.    Before it became a law, persons travelling on railroad trains were divided into two classes only: passengers who paid fare, and employees who were in the service of the company. There was no middle place in contemplation of our law, for the great number of people who run on trains, and were about the roads, depots, and premises of railroad companies performing acts connected with the operation of the roads.  . They were constantly in

[Pennsylvania Railroad Co. *v.* Price.]

danger from their exposed positions, as much so as the employees of the companies, and frequently injured or killed. The burden on the railroad companies of the state to pay when any accident happened and personal injuries or death resulted to any of such persons, was too great, and the Act of 1868 was passed to relieve them of it. By it another class is added, and now we find all those thus " engaged or employed" are included in it. They are not passengers, but persons who, if hurt, may recover against the employees whose want of care injured them, but not against the company. In the language of AGNEW, C. J., in Kirby's Case, the liability is shifted from the company, for the injury done, to its servants.

*Barton & Sons* for defendant in error.—It is said the railroads procured the passage of the Act of 1868 to meet the case of Catawissa Railroad Co. *v.* Armstrong, 13 Wright 111. At the time of its passage the court had just decided Penn'a R. R. *v.* Henderson, 1 P. F. Smith 315, in which it was held that the holder of a free cattle pass was a paying passenger.

. The legislature were careful to add the proviso—this act not to apply to passengers. That is, this act not to apply to those employed on trains when the said road receives a compensation for their transportation by the freight paid by the owner upon the property under the passenger case. And as said by Justice READ in that case, the word free, as applied to Henderson, was only true so far that the conductor was not entitled to charge him separately for his passage, as the price paid for freight included the transportation of the drover. In our case the price paid for carrying the mail, expressly includes the cost of transporting the route agent necessarily in charge of the mail. In the Henderson case it is said the presence of the drover with the cattle on the train was a necessity. In this case the presence of Price on the train with the mail was a necessity. The two cases of Price and Henderson are identical, human ingenuity cannot distinguish between them. To deny the right of Price's widow to recover is to overrule the Henderson case. And the legislature, in express terms, have said the Act of 1868 shall not apply to passengers, to wit : to the Henderson case. O'Donnell *v.* Allegheny Valley Railroad Co., 9 P. F. Smith 239, is admitted not to be within the Act of 1868 ; he was a railroad employee, but not in the operating of the train; he was a carpenter working on the line of the road and was carried back and forward to and from his work on the company's trains. His services paid his fare. It was held he was a passenger. " His contract with the company gave him the rights of a passenger." This case was tried in this court both before and after the passage of the Act of 1868. And the legislature in passing the Act of 1868 expressly provides that it shall not apply to passengers. The cases of Price and O'Donnell are identical.

[Pennsylvania Railroad Co. v. Price.]

But it is said there was no privity of contract between Price and the company; on this subject we are not without authority. This point was raised, discussed and ruled in Collett v. L. & N. W. Railway, 16 Q. B. 984, where it was held that, by the statute under which the company carried the mail, the duty was cast upon the company to carry the agent safely. The statute 1 & 2 Victoria, ch. 98, is almost identical with our Act of Congress. The British statute provides that they shall carry the route agent, without additional charge. Our Act of Congress provides that the cost of transportation shall include the carrying of the agent in charge of the mail.

· If valuable matter in the mail had been lost in this case would not the company have been liable? "There are two grounds of liability on the part of common carriers, contract and duty, as in the case of the officer of the post-office department, in Collett v. London & North Western Railway Company, 15 Jur., page 1053." READ, Justice, in Henderson v. Pennsylvania Railroad Company, 1 P. F. Smith 326. A mother with a child in her arms of tender years, procured a ticket for herself, but none for the child. The child was injured by a collision. Held, that the child was entitled to recover for the injury he had received: Austin v. G. N. Railway Company, L. R., 2 Q. B. 452. A master travelling with a servant, the master paying the fare, the servant was injured. Held, that the master could not recover, but that the servant could. That the contract, out of which the duty to carry safely arose, was to be considered as a contract between the servant and the company: Alton v. Midland Railway Company, 19 C. B. (N. S.) 213. The contract between the railroad and the company was with the master, but conditioned to carry him and his servant safely; a duty assumed as to the servant and an implied contract to carry him safely. In this case it was an undertaking with the United States to carry the mail and the officer in charge safely. It was a duty assumed by the company and a contract in which the agent was interested.

Mr. Justice PAXSON delivered the opinion of the court, January 3d 1881.

The special verdict finds all the facts necessary to an intelligent consideration of this case. The deceased, A. J. Price, was, at the time of the accident resulting in his death, a route agent of the United States Post-Office Department, duly appointed and commissioned. His route was on the Western Pennsylvania Railroad between Allegheny city and Blairsville. His duties were those incident to the position of mail agents. While engaged in the performance of those duties, on the 23d day of July 1877, he was killed by a collision on the road. The collision was found to be the result of the negligence of the employees of the defendant company. The single question to be decided is whether the deceased

[Pennsylvania Railroad Co. *v.* Price.]

was a passenger within the meaning of the Act of April 4th 1868, Pamph. L. 58. The first section of said act is as follows :—

" That when any person shall ·sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of· which company such person is not an employee, the right of action to recover in all such cases against the company shall be such only as would exist if such person were an employee : Provided, That this section shall not apply to passengers."

It was conceded by the learned judge who ruled the cause below, and admitted upon the argument here, that the deceased came within the precise terms of the Act of 1868. Indeed, this is apparent from the facts found by the special verdict. But it is claimed that he comes also within the exception, and was a passenger within the meaning of the act. This position, if not unsound, is certainly paradoxical. To be within the letter of an Act of Assembly, and at the same time within its exception, is a proposition that would hardly be pressed were not the defendant a railroad corporation.

The Act of 1868 has been before this court upon several occasions. Its constitutionality was affirmed in Kirby *v.* Railroad Co., 26 P. F. Smith 506. Other questions arising under it were considered ·in Mulherrin *v.* The Railroad Co., 31 P. F. Smith· 366, and Ricard *v.* The Railroad Co., 8 Norris 193. The point now raised is new and was not considered in either of ·the cases cited. It involves a construction of the proviso of the act excepting passengers from its operation. Just here it is important to consider the mischief it was intended to remedy. Prior to its passage, it had been held in numerous cases in this state that an employee could not recover against the company in whose service he was for personal injuries resulting from the negligence of a fellow servant. This was settled law. But the non-liability for damages on the part·of the company ceased there. In the Catawissa Railroad Co. *v.* Armstrong, 13 Wright 186, it was held " That where the deceased was in the sole employ of one railroad company, who had the right to run their trains over the other's road, the plaintiff is not precluded from recovery on the ground that her husband was in the same general employ with the defendant's servants ; the rule that where several persons are in the same general employment, and one is injured from the carelessness of another, the employee is not responsible, is not to be extended beyond the limit of the adjudged cases." At the time this decision was rendered, the law seemed to contemplate but two classes of persons on railroad trains, viz. : 1. Passengers who paid fare or who travelled by virtue of a contract relation with the company, and 2. Employees who were in the service of the company. The Act of 1868 was manifestly intended to create a third class who were neither em-

ployees nor passengers, namely persons who are "lawfully engaged or employed in or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein, of which such person is not an employee." This class, prior to the Act of 1868, were entitled, under the decision in Catawissa Railroad Co. *v.* Armstrong, *supra*, to recover against the company for injuries resulting from the negligence of an employee. But the employee if injured by the negligence of those whom I have designated as the third class, had no remedy against the company. He could only recover against the person whose negligence caused the injury, and as such persons were generally irresponsible pecuniarily, the employee had practically no remedy. Yet he was in daily peril of injury from the negligence of persons of the third class. The legislature doubtless saw that it was unjust to give the non-employees such an advantage, and also that the company should be held liable in damages to such persons, who although lawfully upon the road, were not under its contract. The Act of 1868 places persons in the third class upon the same plane as the employees of the company. There is strict justice in this. No good reason can be shown why the non-employees should have higher rights than employees. Their compensation is usually equal if not greater; they enter upon the same dangerous employment with full knowledge of its perils and of their legal rights in cases of injury. The rule which prevents a recovery by an employee for the negligence of a fellow servant, is based upon the soundest principles of public policy. Railroad accidents are usually the result of the carelessness of employees. However perfect the system by which trains are moved, the heedlessness of a single man may produce disaster. So long as employees understand that they take their lives in their hands in entering upon their duties, and that their own safety, as well as the welfare of their families, depend upon their care and vigilance, the travelling public will have reasonable assurance of safety. The rule that no recovery can be had for the negligence of a fellow servant, necessarily tends to increased vigilance on the part of employees, and to that extent contributes to the public safety. Properly administered, it is wise and just.

Was the deceased a passenger within the meaning of the Act of 1868 ? Looking at the mischief which the act was intended to remedy, the answer to this question is not difficult. The deceased was "lawfully employed upon the road." He was, therefore, within the precise language of the act, and must be held to have had the rights only of an employee unless he comes within the exception. The word "passenger" in the proviso must be understood in its ordinary and popular signification. Had the question been asked of any person, intelligent or otherwise, upon this train when the accident occurred, whether A. J. Price, the deceased, was a passenger upon said train, the answer would have been in

the negative ; that he was employed upon the train as a mail-agent    Why then should we give to the proviso a forced construction not warranted by its language and repugnant to our common sense ?

It was urged that the deceased was a passenger because, under the Act of Congress (see sect. 4000), "Every railway company carrying the mail shall carry on any train which shall run over its road, and without extra charge therefor, all mailable matter directed to be carried thereon, with the person in charge of the same."    This act makes it the duty of the company to carry the mail-agent without extra charge, but it no more makes him a passenger than it does the mail matter of which he has the care.    The company have no control of him as they have over passengers, for whose safety they are responsible.    He is not bound to observe any of the rules. prescribed for the protection of passengers.    He may expose his life in the most reckless manner.    The mail car, like the baggage car, is a known place of danger.    From its position it is peculiarly exposed to destruction in cases of collision. The effect of the Act of Congress is to make his position on the car a lawful one.    Being lawfully upon the train a recovery might possibly have been had for his death upon the duty to carry safely : Collett v. Railway Co., 16 Q. B. 984, and Nolton v. Western Railway Co., 15 N. Y. 444, go to this extent.    But here the Act of 1868 comes in and declares that persons employed upon the road shall have only the rights of employees of the company.

Pennsylvania Railroad Co. v. Henderson, 1 P. F. Smith 315, was decided prior to the passage of the Act of 1868, and it was urged that the legislature had this case in view when they inserted the proviso in question.    Conceding this to be so it proves nothing. .There the plaintiff was a drover transporting his live stock upon the cars of the company.    He had paid the freight on his stock, and at the same time received a pass for himself.    He was travelling with his stock, and was as much a passenger as if he had been travelling with his trunk.    He had a direct contract relation with the company.    He was under the control of the conductor, and was bound to conform to the reasonable rules of the company the same as other passengers.    I see little analogy between such a case and that of a mail-agent, who has no contract relation with the company, and who is not in any sense under its control.    It may very well be that Henderson v. The Railroad Company belongs to a class of cases intended to be covered by the proviso to the Act of 1868.    Other cases might be suggested to which it may possibly apply.    They will, probably, come up in due time, and we will not anticipate them.    It is sufficient to say that the legislature doubtless considered that there were, or might be such cases, and, therefore, added the proviso to save them from the operation of the act. But it would be attributing a want of intelligence to the law-making

power to hold that it meant to designate as passengers men who were employed by the year upon the road, as the mail agents of the government.

The Act of 1868 is very broad in its terms. It was said by our brother GORDON, in Ricard v. North Pennsylvania Railroad Co., supra, "The comprehensive words 'engaged or employed' are used to embrace every imaginable manner by which any one may or might be brought in, upon or about the roadway, cars or works of a railroad company." Following this sound interpretation of the act we must regard it as intended to relieve railroad companies from liability for injuries to the class of persons enumerated therein. Yet the construction now claimed for it discriminated in favor of certain persons of this class to the exclusion of all others. That is to say, those persons who, by the accident of their position, happen to be employed on the trains, may recover for injuries, while others, equally deserving, who do not ride with the trains, but are "employed or engaged in or about the roads, works, depots and premises of the company," have no such right. To illustrate: Suppose the deceased, instead of being employed as mail agent, had been employed by the government to carry the mail from the depot to the post-office, and while so engaged about the depot had been killed by the negligence of the defendant's servants. In such case he would have been clearly within the act and not within its exception. Can the mere fact that he was upon the train instead of being about the depot make any difference? We are of opinion the act contemplated no such distinction.

The learned judge of the court below places considerable stress upon Webster's definition of the word "passenger," as "one who travels in some conveyance, as a stage coach or steamboat." The citation from Webster is not strictly accurate. His definition is, "A passer or passer by; one who is making a passage; a traveller, especially by some established conveyance; a person conveyed on a journey." Worcester defines the same word as follows: "One who passes, or is on his way; a traveller; a wayfarer." It will be seen that the leading idea of these definitions is that a passenger is one who travels from place to place. Mere locomotion is not travel in the popular use of the term. There are conductors on short lines of railroad in this state who have passed over more miles in the course of their employment than any traveller of ancient or modern times. Yet we would hardly call them travelled men. The sense given to particular words by our great lexicographers is always entitled to weight. Yet where a word is used in an Act of Assembly regard must be had to the circumstances surrounding its use. A more correct definition of the word in its legal sense would be, one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, as the payment of fare, or that which is accepted as an equivalent therefor. A mere

[Pennsylvania Railroad Co. *v.* Price.]

trespasser, a person who steals a ride upon a train, or who is employed thereon, is not a passenger within the meaning of the Act of 1868, nor entitled to protection as such.

We are of opinion that the case comes within the Act of 1868, and that the plaintiff is not entitled to recover.

The judgment is reversed; and judgment is now entered for the defendant below, *non obstante veredicto.*

Mr. Justice TRUNKEY dissented