## Foreman *v.* Pennsylvania Railroad Company.

*Negligence—Master and servant—Postal clerk—Act of April* 4, 1868.

A postal clerk in the employ of the United States post office department while traveling on a railroad in the performance of his duties is not a passenger within the meaning of the act of April 4, 1868, but is in the position of a fellow-servant of a brakeman in the employ of the railroad company. Penna. R. Co. v. Price, 96 Pa. 256, followed.

*Negligence—Railroads—Postal clerk—Switch—Signal.*

In an action by a postal clerk against a railroad company to recover damages for personal injuries received in a collision which resulted from a switch being left open by a brakeman, the contention that there ought to have been a signal at the switch, and that, therefore, the defendant was guilty of negligence, is not tenable, where there is no evidence that the absence of a signal caused the accident or in any way contributed to it, and there is abundance of proof that the switch was a standard lever switch in general use along the whole line of the branch road on which the accident occurred.

Argued April 16, 1900. Appeal, No. 368, Jan. T., 1899, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. T., 1897, No. 44, on verdict for defendant, in case of John Foreman v. Pennsylvania Railroad Company. Before GREEN, C. J., McCOLLUM, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before BAILEY, P. J.

At the trial it appeared that plaintiff was a postal clerk in the employ of the United States post office department, and that on February 22, 1897, the train on which he was traveling in the performance of his duties left the main track on account of a switch which had been negligently left open by a brakeman, and ran into a siding and collided with a loaded car. The plaintiff was permanently injured.

Plaintiff presented among others the following points:

1. The plaintiff was a postal clerk, and if the jury believe he was not employed in railroad work, or work which railroad employees were required to do, he was a passenger, and does not come under the head of quasi employees, and does not come under the act of 1868. *Answer:* Refused. [1]

2. It was the duty of the defendant to provide proper appliances, suitable machinery, and implements for the use of their employees, and if the jury believe the signal at the switch was in ordinary use by the defendant company, and that its use where the accident occurred, would have prevented the accident, and that the defendant was negligent in not providing a suitable signal at the switch at the point where the accident occurred, the plaintiff is entitled to recover, if they believe he has been injured. *Answer:* Refused. [2]

The court charged in part as follows:

[The absence of signals was presumably well known to all employed upon it, and especially to those in charge of this train as they passed over the road daily for a long time before the accident, and it does not appear that a complaint was ever made to the company of the absence of signals or a suggestion that they ought to be placed at the switches. The plaintiff himself passed over the road almost daily for more than a year, and must have noticed the absence of signals. He made no request that the switches be supplied with them. We are therefore obliged to instruct you that the plaintiff cannot recover and that your verdict must be for the defendant.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2, 4) above instructions, quoting them.

*W. McK. Williamson,* with him *R. W. Williamson* for appellant.—Plaintiff was a passenger: Nolton v. Western R. R. Co., 15 N. Y. 444; Yeomans v. Contra Costa Steam Nav. Co., 44 Cal. 71; Blair v. Erie Ry. Co., 66 N. Y. 313; Hammond v. N. E. R. R. Co., 6 South Carolina, 130; Penna. R. Co. v. Henderson, 51 Pa. 315; Philadelphia Traction Co. v. Orbann, 119 Pa. 41; Richter v. Penna. R. Co., 104 Pa. 513; Christman v. P. & R. R. R. Co., 141 Pa. 612; Stone v. Penna. R. Co., 132 Pa. 206; Spisak v. Balt. & Ohio R. R. Co., 152 Pa. 281; Vannatta v. Central R. R. Co., 154 Pa. 262; Noll v. P. & R. R. R. Co., 163 Pa. 504.

It was a question for the jury to find whether or not it was negligence in the defendant company not to provide a signal at the switch for the safety of their employees and others: Cumberland Valley R. R. Co. v. Hughes, 11 Pa. 141; Johnson v. Bruner, 61 Pa. 58; Patterson v. Pitts., etc., R. R. Co., 76 Pa. 389; Rummell v. Dilworth, 111 Pa. 351; Pa. Coal Co. v. Nee, 13 Atl. Repr. 841; Phila. & Reading R. R. Co. v. Huber, 128 Pa. 63; Phila. & Reading R. R. Co. v. Agnew, 11 W. N. C. 394; Silliman v. Marsden, 9 Atl. Repr. 639; Lee v. Electric Light, etc., Co., 140 Pa. 618; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301; Titus v. Bradford, etc., R. R. Co., 136 Pa. 618; Green & Coates Street Pass. Ry. Co. v. Bresmer, 97 Pa. 103; Trainor v. Phila. & Reading R. R. Co., 137 Pa. 148; O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 248; McCombs v. Pittsburg v. Western Ry. Co., 130 Pa. 182; Oak Bridge Coal Co. v. Reed, 5 W. N. C. 3; Iron-Ship Bldg. Works v. Nuttall, 119 Pa. 149; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389.

*W. & J. D. Dorris,* for appellee, cited Penna. R. Co. v. Price, 96 Pa. 256.

PER CURIAM, April 30, 1900:

The present case is identical in character with the case of Price v. Penna R. Co., 96 Pa. 256, and is ruled by it. We have no desire or intention to overrule that decision. The contention that there ought to have been a signal at the switch and therefore the defendant was guilty of negligence, is not tenable, as there was no evidence that the absence of a signal caused the

accident or in any way contributed to it and there was an abundance of proof that the switch was a standard lever switch in general use along the whole line of this branch road. The charge of the court below was a correct presentation of the case, and the binding instruction to the jury to find for the defendant was in conformity with the evidence and the law.

Judgment affirmed.