# CHESAPEAKE & OHIO RAILWAY COMPANY
## *v.* PATTON.*

PLEADING AND PRACTICE; APPEAL AND ERROR; RAILROADS; RAILWAY POSTAL CLERKS; PLEADING.

1. *Quære,*—Whether this court has the power under D. C. Code, § 1533, providing that upon the overruling of a demurrer, the demurrant by pleading over does not waive his demurrer, but on appeal has the right to insist upon it as fully as if he had not pleaded over, to review the action of the trial court in sustaining a demurrer, after a trial on an issue joined upon a plea in bar has resulted adversely to the demurrant, where there is no bill of exceptions in the case, but the appeal is brought merely upon the pleadings; and also whether that section of the Code was intended, or could have been validly intended, to authorize appeals in pending cases upon demurrers interposed and disposed of before the Code went into effect.

2. A demurrer to a plea in an action by a railway postal clerk against a railroad company, on one of whose cars he was engaged in the performance of his official duty, to recover damages for personal injuries, is properly sustained when the plea is to the effect that inasmuch as the plaintiff was on the train as a railway postal clerk in the service of the United States, under a contract between the latter and the railway company, the company, as to him, was only required to use ordinary care, and not the highest degree of care and skill.

3. A declaration is one in tort, and not in contract, which after alleging that the plaintiff was a railway postal clerk entitled under a contract between the United States and the defendant railway company to be

---

*Carriers—Who are Passengers.*—As to existence of relation of carrier and passenger as regards postal clerks and others, see the presentation of the authorities in the following editorial notes: Liability of railroad companies to postal clerks for injuries received on trains, note to *Cleveland, C. C. & St. L. R. Co.* v. *Ketcham,* 19 L. R. A. 339; express messengers as passengers, note to *Muldoon* v. *Seattle City R. Co.* 22 L. R. A. 796; railroad employees or officers as passengers, notes to *Walser* v. *Board of Education,* 31 L. R. A. 329, and *Sofield* v. *Guggenheim Smelting Co.* 50 L. R. A. 462; what risk is assumed by person traveling on freight train, note to *Ohio Valley R. Co.* v. *Watson,* 19 L. R. A. 310; as to when a person who has started for a train becomes a passenger, note to *Webster* v. *Fitchburg R. Co.* 24 L. R. A. 521; act of passenger in temporarily leaving vehicle before completion of journey, as affecting rights and liabilities of parties see note to *Finnegan* v. *Chicago, St. P., M. & O. R. Co.* 15 L. R. A. 399.

transported with the mails on the defendant's train, charges that the plaintiff was injured by the defendant's negligence in contravention of the duty which the defendant owed to the plaintiff in consequence of such contract; the statement of the contract being only by way of inducement.

4. While there may be risks which a railway postal clerk must assume different from those of an ordinary passenger on a railway train, such risks do not include acts of negligence of the railroad company in the management and operation of the cars on which he travels in the performance of his duty; and he is entitled to recover damages for personal injuries received by reason of negligence in the operation of such cars.   (Following *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436.)

5. A United States railway postal clerk is in no sense an employee of the railroad company on whose trains he travels in the performance of his official duty, and is to all intents and purposes a passenger for hire. (Distinguishing *Hughson* v. *Richmond & D. R. Co.* 2 App. D. C. 98.)

No. 1312.   Submitted December 2, 1903.   Decided January 19, 1904.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon the verdict of a jury in an action to recover damages for personal injuries.                                              *Affirmed.*

The COURT in the opinion stated the case as follows:

The appellee, George W. Patton, instituted suit in the supreme court of the District of Columbia as plaintiff against the appellee, the Chesapeake and Ohio Railway Company, as defendant, to recover for personal injuries sustained by him in a collision on the railroad of the defendant at Nuttallburg, in the State of West Virginia.   It was alleged in the declaration that the plaintiff was on the train of the defendant company, on November 17, 1899, as a postal clerk in the service of the government of the United States, engaged in the transportation of the mail from Newport News, in the State of Virginia, to Covington, in the State of Kentucky; that through the gross negligence of the railway company and its employees, a collision occurred at the place above mentioned, Nuttallburg, in West Virginia,

between the train and a freight car on the track of the defendant's railway; and that, by the collision thus caused through the negligence of the defendant, the plaintiff was injured; and he claimed $10,000 as compensation for his injuries.

The defendant company demurred to the declaration, on the ground, as stated, that, the declaration being in trespass, the defendant was not liable as a common carrier to the plaintiff, inasmuch as the latter was not a passenger at the time of the alleged injury. This demurrer was overruled; the defendant excepted to the ruling, and upon its motion leave was granted to it to plead over. It did accordingly interpose two pleas as a defense to the suit. The first of these was the general issue, "not guilty;" the second was to the effect that, inasmuch as the plaintiff was on the train as a postal clerk in the service of the United States, under a contract between the latter and the railway company, the company, as to him, was only required to use ordinary care and not the highest degree of care and skill.

The plaintiff joined issue with the defendant on the first plea, and demurred to the second, on the ground that it tendered an immaterial issue, was argumentative, and amounted to the general issue. This demurrer was sustained, and the defendant again noted an exception to the ruling of the court.

All these proceedings were had in the year 1901, between the 14th of February and the 15th of June of that year. The parties then went to trial upon the declaration and the plea of the general issue in the beginning of January, 1903, and upon the trial the jury rendered a verdict for the plaintiff in the sum of $3,000. A remitter of $1,500 of this amount was required by the trial court as a condition for the refusal of a motion for a new trial, to which the plaintiff acceded; and thereupon the motion for a new trial, and also a motion in arrest of judgment, which had been interposed, were both overruled, and judgment was entered on January 27, 1903, for the sum of $1,500. Appeal was noted in open court three days afterwards, and the penalty of the appeal bond was fixed. Subsequently, counsel for the defendant, on April 4, 1903, filed an abandonment of the motion in arrest of judgment.

*Mr. Harrison J. Barrett, Mr. E. A. Newman,* and *Mr. Charles A. Ray,* for the appellant:

1. The appellant did not lose the benefit of its demurrer by pleading over. D. C. Code, § 1533. Nor is a bill of exceptions necessary for review on appeal of defects apparent of record. *Evans* v. *Humphrey,* 9 App. D. C. 392; *Mansfield* v. *Winter,* 10 App. D. C. 549.

2. The appellee, who is not a party to the contract which is the basis and gravamen of the declaration, cannot sue on the contract or in respect of the breach of a duty arising out of the contract, and the only persons who can sue for the breach of the contract or for the breach of any duty arising out of the contract are the contracting parties thereto. Declaration is *ex contractu,* not *ex delicto,* and appellee cannot sue on the contract. *Ross* v. *Mather,* 51 N. Y. 108; *Kewaunee Co.* v. *Decker,* 30 Wis. 624; Buswell, Personal Injuries, 5; *Dudley* v. *Scranton,* 57 N. Y. 424; *Moore* v. *Noble,* 53 Barb. 425; *Peck* v. *Root,* 5 Hun, 547; *Kewaunee Co.* v. *Decker,* 30 Wis. 624; *Alton* v. *Midland R. Co.* 19 Scott, C. B. Rep. N. S. 213; *Frink* v. *Potter,* 17 Ill. 406, 411; *Carrol* v. *Interstate Rapid Transit Co.* 107 Mo. 653; Postal Laws & Regulations, ed. 1902, § 1449; 2 Wait, Act. and Def. p. 100; *Smith* v. *Seward,* 3 Barr. (Pa.) 342; *Powell* v. *Layton,* 2 N. R. 356; *Corbett* v. *Packington,* 6 Barn. & C. 268; *Dale* v. *Hall,* 1 Wils. 282; *Alton* v. *Midland R. Co.* 19 Scott, C. B. Rep. N. S. 213; *Winterbottom* v. *Wright,* 10 Mees. & W. 109, 114; *Frink* v. *Potter,* 17 Ill. 406, 411; *Fowler* v. *Waterworks Co.* 83 Ga. 219; *Mott* v. *Water Co.* 48 Kan. 13; *Britton* v. *Waterworks Co.* 81 Wis. 48; *Eaton* v. *Fairbury Waterworks Co.* 37 Neb. 546.

3. If appellant owes appellee a duty independent of contract, and the declaration is *ex delicto,* and such duty and breach thereof are sufficiently alleged, such duty is only to exercise ordinary skill and care in the construction and maintenance of appellant's roadway, machinery, and cars, and operation of its road and running of its trains and cars. The appellee is not a passenger. *Farley* v. *Cincinnati, etc.,* 108 F. 14; *Nolton* v. *Western R. R.*

*Co.* 15 N. Y. 444; *Collett* v. *L. & N. W. R. Co.* 16 Q. B. 984; *Fordyce* v. *Jackson,* 56 Ark. 597; *Boston Ins. Co.* v. *Chicago, R. I. P. R. Co.* 92 N. W. 88; *German State Bank* v. *M. St. P. & S. Ste. M. R. R. Co.* 113 F. 414; *Bankers' Mutual Casualty Co.* v. *M. St. P. & S. Ste. M. R. R. Co.* 117 F. 343; see *Price* v. *Pa. R. R. Co.* 113 U. S. 218.

There have been several cases in which postal clerks have recovered as passengers for injuries sustained by them while riding on railroad trains in charge of the mails. But in those cases where postal clerks are held to be passengers, the doctrine that the relation of passenger is only created by contract express or implied is ignored, for it is not held that such contract exists between a railroad company and a postal clerk. The theory advanced in most of these cases, that the transportation of railway postal clerks is paid for by the government, being included in the amount paid for the carriage of the mails, and that therefore they are passengers is, we believe, untenable. The question whether, independent of contract, a duty exists, and if so the degree of liability by reason of such duty, is not specifically considered in these cases. *Louisville & N. R. Co.* v. *Kingnar,* 35 S. W. 265; *Int. & G. N. R. Co.* v. *Davis,* 43 S. W. 540; *Mellor* v. *Mo. P. R. Co.* 105 Mo. 460; *Seybolt* v. *N. Y., L. E. & W. R. Co.* 95 N. Y. 570; *C. C. & S. P. R. Co.* v. *Wilson,* 79 Tex. 374; *C., C., C. & St. L. R. Co.* v. *Ketchim,* 133 Ind. 350. In the following cases, two arising in this District, it is conceded by the pleadings that a postal clerk is a passenger: *Weaver* v. *R. R. Co.* 3 App. D. C. 436; 21 D. C. 491; *Gleason* v. *Va. Mid. R. R. Co.* 140 U. S. 435; *O. & M. R. Co.* v. *Voight,* 122 Ind. 288; *Norfolk & W. R. Co.* v. *Schott,* 22 S. E. 811; *Libby* v. *M. C. R. R. Co.* 85 Me. 34; *B. & O. R. R. Co.* v. *State,* 72 Md. 36. But see *Nolton* v. *Western R. R. Co.* 15 N. Y. 444; *Collett* v. *L. & N. W. R. Co.* 16 Q. B. 984; *Balt. & O. R. Co.* v. *Voigt,* 176 U. S. 498. In the last-named case the supreme court referred to several cases cited by counsel relative to the status of postal clerks, but the court clearly indicated in its decision that an express messenger riding upon the train of a railroad company under exactly the same conditions as a postal

clerk is not a passenger under any contract express or implied. But if there be a duty owing to a railway postal clerk it is not the same duty as to a passenger. A railroad company is not a common carrier of mails. They are carried under special contract, and one of the terms of this contract is that the railway postal clerks in charge of the mails shall be transported free of charge. No contract for transportation, either express or implied, as has been shown, exists between the railway postal clerk and the railroad. *Boston Ins. Co.* v. *Chicago, R. I. & P. R. Co.* 92 N. W. 88; *German State Bank* v. *M., St. P. & S. Ste. M. R. R. Co.* 113 F. 414; *Bankers' Mut. Casualty Co.* v. *M., St. P. & S. Ste. M. R. R. Co.* 117 F. 343; *Atkinson* v. *Newcastle Waterworks Co.* L. R. 2 Exch. Div. 441. While in some cases it has been held, as stated, that postal clerks are to be treated as passengers, and that the same degree of care must be exercised toward them, yet, if there is any liability, a different rule has been established by this court in the case of *Hughson* v. *R. & D.* 2 App. D. C. 98.

4. The appellee contended below that the second plea tendered an immaterial issue, was argumentative, and amounted to the general issue. The second plea denies that the appellee was a passenger and admits that the appellant was guilty of ordinary negligence, but not of gross negligence. Certainly, this is not an immaterial issue. It presents the question of the appellant's liability to one not entitled to the rights of a passenger for ordinary negligence. A plea can hardly be immaterial and yet amount to the general issue. As to the objection that the plea is immaterial, irrelevant, or an argumentative denial, or that it amounts to the general issue, these are not grounds of demurrer. Matters of form are not good on demurrer. *Alex* v. *Ritchie,* 3 Mackey, 162; *Express Co.* v. *Burdett,* 7 App. D. C. 551; *Salt Lake City Nat. Bank* v. *Hendrickson,* 11 Vroom (N. J.) 52; *Spencer* v. *Southwick,* 9 Johns. 314; *Wilkinson* v. *Mosley,* 30 Ala. 562; *Ill. C. R. Co.* v. *Johnson,* 34 Ill. 389; *Jackson* v. *Hobson,* 4 Scan. (Ill.) 411, 418, 419; Chitty, Pl. 540; Stevens, Pl. 421; Enc. Pl. & Pr. 551–582.

*Mr. Charles M. Cist* and *Mr. Mason N. Richardson* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

There is no bill of exceptions in this case to bring up any ruling of the court at the trial. So far as we are advised, the trial was fair and just and according to law; and there is no complaint of it, or of the verdict and judgment which were the result of it. The contention of the appellant is that there should have been no trial, and that there was no liability whatever on the part of the appellant. The case has been brought up merely upon the two demurrers in the case which were decided adversely to the appellant, and which the appellant claims the right to bring here for review under § 1533 of the Code of Law for the District of Columbia, that went into effect on and after January 1, 1902, several months after the determination of these demurrers by the trial court.

This section of the Code provides that, "in all cases, civil or criminal, in which any or either party shall demur to any indictment, declaration, or other pleading of the adverse party, and said demurrer shall be overruled, the party demurring shall have the right to plead over by traverse or otherwise, without waiving his said demurrer; and upon appeal shall have the right to insist upon his demurrer and have the benefit thereof as fully as if he had not pleaded over."

This provision of the Code, it may be noted, applies in terms to demurrers that have been overruled, not to demurrers that have been sustained. It may well be that the Code intended to distinguish between the two cases. There would be reason for such distinction. But this point we deem it unnecessary to decide. Nor do we deem it necessary to decide whether the Code was intended, or could have been validly intended, to authorize appeals in pending cases upon demurrers interposed and disposed of before the Code went into effect. Assuming that these demurrers are properly before us for consideration, of which we have grave doubt, yet the ruling of the trial court in regard to

both of them was in our opinion so plainly proper, that it is wholly unnecessary to consider the question of practice involved, and the right of appeal in such case to this court.

The second plea of the defendant, to which the plaintiff interposed the second demurrer in the case, was so palpably insufficient as a plea, that it has not been sought in any manner to defend it in the argument before us. The matters of fact set forth in it, if we can regard any such matters as having been there set forth, were provable under the general issue already tendered by the first plea, and the question sought to be raised whether the defendant was required to exercise the highest skill and care toward the plaintiff, or only ordinary skill and care, was so palpably frivolous at that stage of the case that the court would have been justified, on the motion of the plaintiff, in striking the plea from the record. The sole use now sought to be made of this plea is that, however insufficient, frivolous, and inconsequential it may be, yet the plaintiff's demurrer to it opened up and searched the whole record, and reached the supposed deficiency of the declaration. But this had already been accomplished by the first demurrer, that interposed by the defendant to the plaintiff's declaration; and both demurrers are equally before us, or equally beyond the scope of our jurisdiction. Assuming that we may pass upon them, we find the contention of the appellant to be this:

That the appellee's declaration is one in contract, and not in tort; that the appellee is not entitled to maintain a suit in contract, since the only contract set up is one not between himself and the appellant, but between the appellant and the United States, to which the appellee was not a party; that, even if the declaration be regarded as one in tort, yet the appellee is not entitled to maintain the suit, since the contract is the gravamen, as claimed, of the transaction, and the appellant is not liable to the appellee for any breach of duty arising out of such contract; that the appellee was not a passenger to whom the appellant owed any duty; and lastly that, even if there was any duty owing from the appellant to the appellee, it was only that of the exercise of ordinary skill and care.

Argument, in our opinion, would be utterly useless to show that the declaration in this case is one in tort, and not upon contract. The matter is too plain for argument. There is, it is true, a contract stated as existing between the United States and the appellant, whereby the appellee was entitled to be transported with the mails on the mail car of the appellant's train; but this is only stated to show that the appellee was lawfully on the appellant's train, and entitled to be transported safely by the appellant. The charge of the declaration is that the appellee was injured by the appellant's negligence in contravention of the duty which the appellant owed to the appellee in consequence of the contract aforesaid. This is plainly the statement of an action on tort, and not of an action on contract. The statement of the contract is only by way of inducement.

The substantial question in the case, if at this day it can be called substantial, or could ever at any time have been reasonably so considered, is whether the appellant owed any duty to the appellee, such as it owed to the ordinary passenger whom it contracts to transport for hire; and what the degree of that duty is, if it does owe any. The question has long since been decided adversely to the contention of the appellant by the Supreme Court of the United States, and by numerous other tribunals, as well as by this court. *Gleeson* v. *Virginia Midland R. Co.* 140 U. S. 435, 35 L. ed. 458, 11 Sup. Ct. Rep. 859; *Philadelphia & R. R. Co.* v. *Derby,* 14 How. 468, 14 L. ed. 502; *Collett* v. *London & N. W. R. Co.* 16 Q. B. 984, 20 L. J. Q. B. N. S. 411, 15 Jur. 1053; *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436; *Baltimore & O. R. Co.* v. *State,* 72 Md. 36, 6 L. R. A. 706, 20 Am. St. Rep. 454, 18 Atl. 1107; *Seyboldt* v. *New York, L. E. & W. R. Co.* 95 N. Y. 562, 47 Am. Rep. 75; *Nolton* v. *Western R. Corp.* 15 N. Y. 444, 69 Am. Dec. 623; *Libby* v. *Maine C. R. Co.* 85 Me. 34, 20 L. R. A. 812, 26 Atl. 943; *Cleveland, C. C. & St. L. R. Co.* v. *Ketcham,* 133 Ind. 346, 19 L. R. A. 339, 36 Am. St. Rep. 550, 33 N. E. 116; *Arrowsmith* v. *Nashville & D. R. Co.* 57 Fed. 165.

It is said that in several of these cases it was assumed that a postal clerk was a passenger in the ordinary sense, and that the

question here raised was not made. But the answer to this is that, if the question was not made, it was because the point was so plain that there could be no reasonable question about it. That there may be risks which a postal clerk must assume, different from those of the ordinary passenger, may well be admitted; but those risks do not include acts of negligence of the railroad company in the management and operation of its road. Except under exceptional circumstances, and with due regard to the duties which he is required to perform, a postal clerk upon a railroad train is as much a passenger and entitled to all the rights and immunities of passengers as any person on the train transported under the ordinary contract for hire.

The case of *Hughson* v. *Richmond & D. R. Co.* 2 App. D. C. 98, and other similar cases cited, are not applicable. They were all cases of fellow servants injured by the negligence of their coemployees, engaged in the work of management of the trains of the railroad company. A postal clerk is in no sense an employee of the railroad company. He has no function whatever in the management of the train or of the railroad. He is to all intents and purposes, with such exceptions as have been indicated, in the place of a passenger for hire, and as such entitled to safe transportation and reasonable guaranty against the negligence of the employees of the railroad company.

We are of the opinion that the rulings of the trial court in the premises were entirely correct, and that its judgment should be affirmed. It is accordingly affirmed, with costs. And it is so ordered.        *Affirmed.*