WILLIAM F. BARKER, Appellee, *vs.* THE CHICAGO, PEORIA AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 15, 1910.*

1. NEGLIGENCE—*exemption of public officers from liability for negligence of subordinates.* Public officers and agents of the government are liable for their own personal negligence or defaults in the discharge of their duties, but they are exempt, as such officers or agents, from liability for the negligent acts of their subordinates in performing their duties.

·2. SAME—*exemption of public officers does not extend to contractors.* The exemption of public officers from liability for negligence of their subordinates in the discharge of their duties is founded upon public policy, but such exemption does not extend to a corporation contracting to do work for the government for compensation and with a view to profit and whose servants are employed and paid by it and subject to dismissal at its pleasure.

3. CARRIERS—*duty of a carrier to exercise utmost care to prevent injury to persons on train.* The rule requiring a carrier to exercise the utmost care to prevent injury to persons being carried extends to every case where the carrier receives and agrees to transport a person not in its employment, whether the contract of carriage is with the person to be carried or his employer.

4. SAME—*bare fact that a carrier is not obliged to carry mail does not exempt it from liability for injury to postal clerk.* The bare fact that the carrying of United States mail by a railroad company is a matter of private contract and not a duty which the company owes as a common carrier does not exempt it from liability for an injury to a postal clerk due to negligence of the company's servants.

5. SAME—*when railroad company is liable for injury to postal clerk.* A postal clerk rightfully upon a railroad train under the

railroad company's contract with the government to transport United States mail and persons in charge thereof is entitled to the same measure of care from the company as an ordinary passenger for hire, and in the absence of any contract exemption the company is liable to him for the negligence of its servants to the same extent as in the case of an ordinary passenger for hire.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

WILSON, WARREN & CHILD, for appellant:

Defendant did not owe plaintiff the highest degree of care, because in transporting him it was not acting in the capacity of a common carrier. *Blank* v. *Railway Co.* 182 Ill. 332; *Railway Co.* v. *Hamler*, 215 id. 525; *Voight* v. *Railway Co.* 176 U. S. 498.

The government could not compel defendant to carry the mail and a postal clerk to attend it. *Telegraph Co.* v. *Railway Co.* 6 Biss. 158; *United States* v. *Railway Co.* 91 U. S. 72; *Sinking Fund cases*, 99 id. 700; *Railway Co.* v. *United States*, 104 id. 662; *United States* v. *Railway Co.* 118 id. 235.

The Federal statute authorizing the carriage of mail by railway companies constitutes the contract between the government and the defendant. *United States* v. *Railway Co.* 118 U. S. 235; *United States* v. *Railway Co.* 91 id. 72; *Sinking Fund cases*, 99 id. 700; *Railway Co.* v. *United States*, 104 id. 662.

A contract to carry the mail does not make the postal clerk a passenger. *Price* v. *Railway Co.* 113 U. S. 218; *Railway Co.* v. *Price*, 96 Pa. St. 256.

In carrying the mails the carrier does not act as a common carrier. *Banking Co.* v. *Lampley*, 76 Ala. 357; *Insurance Co.* v. *Railway Co.* 118 Iowa, 423; *Nolton* v. *Railway Co.* 15 N. Y. 444; *Conwell* v. *Voorhees*, 13 Ohio St. 523; *Casualty Co.* v. *Railway Co.* 54 C. C. A. 608.

A postal clerk has no greater rights against a railway company because he is employed by the government than would belong to one in a similar employment by others than the government. *Price* v. *Railway Co.* 113 U. S. 218.

Persons under similar employments, such as express messengers, sleeping car porters and circus employees, are not passengers entitled to the highest degree of care. *Railway Co.* v. *Hamler*, 215 Ill. 525; *Blank* v. *Railway Co.* 182 id. 332; *Voight* v. *Railway Co.* 176 U. S. 498; *Bates* v. *Railroad Co.* 147 Mass. 255; *Hosmer* v. *Railroad Co.* 156 id. 506; *Railroad Co.* v. *Keefer*, 146 Ind. 21; *Railroad Co.* v. *Mahoney*, 148 id. 196; *Robertson* v. *Railroad Co.* 156 Mass. 526; *Griswold* v. *Railroad Co.* 53 Conn. 371; *Coup* v. *Railroad Co.* 56 Mich. 1; *Express cases*, 117 U. S. 1; *Donovan* v. *Pennsylvania Co.* 120 Fed. Rep. 215; *Railroad Co.* v. *Difendaffer*, 125 id. 893; *McDermon* v. *Railway Co.* 122 id. 669.

ALBERT SALZENSTEIN, and JOHN L. KING, for appellee:

A postal clerk, in the discharge of his duties in the mail car on a railroad train, is a passenger, and entitled to all the rights and protection of a passenger from the railroad company. *Gleeson* v. *Railway Co.* 140 U. S. 435; *Voight* v. *Railroad Co.* 176 id. 498; *Railroad Co.* v. *Schuyler*, 135 Fed. Rep. 1015; *Cavin* v. *Railroad Co.* 136 id. 592; *Railroad Co.* v. *Cavin*, 144 id. 348; *Yarrington* v. *Railroad Co.* 143 id. 566; *Railroad Co.* v. *Ketchum*, 133 Ind. 346; *Malott* v. *Trust Co.* 168 id. 428; *Seybolt* v. *Railroad Co.* 95 N. Y. 562; *Blair* v. *Railway Co.* 66 id. 313; *Magoffan* v. *Railroad Co.* 102 Mo. 798; *Mellor* v. *Railroad Co.* 105 id. 455; *Railroad Co.* v. *State*, 72 Md. 36; *Decker* v. *Railroad Co.* 102 Minn. 99; *Libby* v. *Railroad Co.* 85 Me. 34; *Lindsey* v. *Railroad Co.* 6 Am. & Eng. Ann. Cas. 862; *Railroad Co.* v. *Crudup*, 63 Miss. 291; *Grant* v. *Railroad Co.* 108 N. C. 462; *Hammond* v. *Railroad Co.* 6 Rich. 130; *Railroad Co.* v. *Wilson*, 79 Tex. 371; *Railroad Co.*

.v. *Davis,* 17 Tex. Civ. App. 340; *Railroad Co.* v. *McCullough,* 22 id. 208; *Railroad Co.* v. *Shott,* 92 Va. 34; 5 Am. & Eng. Ency. of Law, (2d ed.) 511; 6 Cyc. 542.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee recovered a judgment against appellant for personal injuries, which the Appellate Court affirmed. Appellant has brought the record to this court for review.

The appellee was a postal clerk in the United States railway mail service, running between Peoria and Springfield over appellant's railroad. His injuries were received while he was attending to his duties in the mail car attached to the appellant's train, and were caused by a collision between that train and two coal cars which had run out upon appellant's main track from a switch connecting such track with an adjoining coal mine. There was evidence tending to show negligence on the part of appellant's servants in permitting the coal cars to come upon the main track.

The appellant claims that it is not liable because in carrying the mail, and the route agent in charge of it, the appellant was a governmental agency performing a governmental function, and was therefore not liable for the negligence of its employees. It further contends that plaintiff was not a passenger; that the highest duty it owed him was the exercise of ordinary care, and that the court erred in instructing the jury that it was appellant's duty to do all that human care, vigilance and foresight could reasonably do to guard against accidents.

The first question arose upon appellant's motion, at the close of all the evidence, to instruct the jury to return a verdict for the defendant. The switch track from which the coal cars came upon the main track was built and maintained by the railroad company at the mine company's cost, and was used by appellant's switching crews in taking the loaded cars from the mine for transportation. There was

a derailing device in the switch track about one hundred and thirty-five feet from the main track which had no lock but could be opened or closed by any person, and it was due to the fact that this device was closed instead of open, as it should have been, that the accident occurred. It was therefore a question of fact whether, under all the circumstances, the appellant was negligent in guarding its main track against cars coming upon it from the switch track, and this question was properly submitted to the jury, unless the appellant's contention is sustained that it was engaged in the performance of a governmental function and therefore not liable for the negligence of its employees. Waiving the question whether the construction of the switch and derailing device in the manner in which they were constructed was not negligence of the appellant itself as distinguished from the negligence of its servants, the case will be considered as if the negligence which the evidence tended to prove were only negligence of the servants of appellant in the discharge of their duty.

The government of the United States has the power to establish post-offices and post roads, and has assumed exclusive charge of the carriage and delivery of the mail, prohibiting any private person from engaging therein. In so doing the government is engaged in the discharge of a governmental function. The principle is well recognized that public officers and agents of the government are exempt, as such, from liability to answer for the acts of their subordinates. They are liable for their own personal negligence or defaults in the discharge of their duties but not for the acts or defaults of inferior officials in the public service, whether appointed by them or not. (*Robertson* v. *Sichel,* 127 U. S. 507.) The appellant, however, is not a public officer or a public agent. It is a contractor with the government for the performance of a special service, viz., the carrying of the mail, and the same reason does not exist for holding it exempt from liability for the negli-

gence of its servants as for holding the post-master general or a post-master exempt from liability for the defaults of those who act under them in the public service, as agents of the government. "The responsibility of a public officer for the acts and defaults of those employed by or under him depends upon the question whether such persons are acting in the public service, as agents of the government, by direct appointment or by authorized sub-appointment, or whether they are his private agents and servants employed by virtue of his individual and independent authority and paid by and responsible to him, whom he can employ, retain and dismiss at will, 'in other words, whether the situation of an inferior is a public office or a private service.' (1 Am. Lead. Cas. 785.) If the subordinates are the agents and servants of the officer, not by an official employment but to assist him, as an individual, in the discharge of his official service, the reason ceases for the non-application of the doctrine of *respondeat superior* and for exemption from liability for their misconduct or negligence." *Central Railroad and Banking Co.* v. *Lampley,* 76 Ala. 357.

The case just cited was a suit brought by a bank against a railroad company for the loss from the mail of money contained in a registered letter through the negligence of the servants of the company, and it was held that the company would be liable in a proper form of action. In the case of *Sawyer* v. *Converse,* 17 Gratt. 230, the Supreme Court of Virginia, after a thorough consideration of the exemption of public officers and agents from responsibility for the acts and defaults of those employed by or under them in the discharge of their public duties, and an examination of the decided cases, held a mail contractor liable to the sender for the loss from the mail, through negligence of the contractor's servant, of a letter containing money.

The exemption of public officers from responsibility for the negligence or positive wrongs of their subordinates in

the discharge of their public duties arises from considerations of public policy. Competent persons would not be willing to accept positions which imposed upon them liability for torts and wrongs committed by subordinates whom they did not appoint and could not discharge. These considerations do not apply to a corporation undertaking, by contract, to perform work or render service for the government for a compensation to be paid to it and with a view to its own profit, and where its subordinates are employed and paid by it and liable to be dismissed at its pleasure. It is said in *Sawyer* v. *Converse, supra:* "Such a contractor is in no just and proper sense an officer of the government, and though he may be said to be in a certain sense an agent of the government because he is engaged in working for the government, yet the laborers and others whom he employs under him in the execution of his contract cannot be said to be agents of the government, which does not know them, does not appoint them, does not control them, does not pay them and has nothing to do with them. He is not a public agent, because he is working for his own profit by fulfilling a contract which he has bound himself to perform and for which he is to receive compensation."

The maxim of *respondeat superior* is founded on the principle that he who expects to derive advantage from an act which is done by another for him must answer for any injury which another may sustain from it. We know of no reason why it should not apply here. The employees of the appellant were not public officers or in any official service or employment. They were not employed for the special service of transporting the mails, but were the private servants of appellant engaged in the work of appellant in the general business of transportation for its benefit and profit, employed by appellant and subject to be discharged at its pleasure. It does not appear that the servants of the appellant by whose negligence the injury to

appellee is claimed to have occurred were even incidentally engaged in any way in the transportation of the mails.

Several cases have been cited which have held that a mail contractor is not liable for the loss of property transmitted by mail and lost through the carelessness of the contractor's servants. They are *Conwell* v. *Voorhees,* 13 Ohio, 526, *Hutchinson* v. *Brackett,* 22 N. H. 252, *Boston Ins. Co.* v. *Chicago, Burlington and Quincy Railroad Co.* 118 Iowa, 423, and *Banker's Mutual Casualty Co.* v. *Minneapolis, St. Paul and Sault Ste. Marie Railway Co.* 117 Fed. Rep. 434. These cases proceed upon the theory that mail contractors are public agents and not responsible for the omissions, negligence or misfeasance of those employed by them. We think the cases which hold the contrary are supported by the sounder reason. No case has been cited holding that a railroad company is not liable for an injury caused to a postal clerk by the negligence of its employees while in the mail car in the performance of his duties. There are numerous decisions that they are so liable to the same extent as to a passenger for hire. *Malott* v. *Central Trust Co.* 168 Ind. 428; *Seybolt* v. *New York, Lake Erie and Western Railroad Co.* 95 N. Y. 562; *Mellor* v. *Missouri Pacific Railroad Co.* 105 Mo. 455; *Gulf, Colorado and Santa Fe Railway Co.* v. *Wilson,* 79 Tex. 371; *Libby* v. *Maine Central Railroad Co.* 85 Me. 34; *Lindsey* v. *Pennsylvania Railroad Co.* 26 App. Cas. (D. C.) 563; *Collett* v. *London and Northwestern Railroad Co.* 16 A. & E. (N. S.) 984; 71 E. C. L. 984.

It is insisted that the appellant could not be compelled, as a common carrier, to transport the mail, but that its contract to do so was a mere private contract which did not impose upon it any liability as a common carrier to the appellee, since it was under no common law or statutory obligation to carry him in the manner he was carried at the time of the accident. The appellee was lawfully on the train, to be carried by the appellant for a consideration

received by it under its contract with the government as
its compensation for carrying the mail and the person in
charge of it. Under such circumstances the law imposes
upon the railroad company the duty of carrying safely,
and the degree of care required is commensurate with the
dangerous consequences likely to result from negligence.
Whether or not, in a strict sense, the relation of carrier
and passenger exists between the railroad company and the
postal clerk, courts hold with substantial unanimity that a
postal clerk upon a railway train is entitled to the same
measure of care as an ordinary passenger for hire. He has
as good a right to be upon the train as the ordinary pas-
senger and his life is just as valuable. The moral duty to
exercise care to avoid injuring him is the same, and no
valid reason exists for a distinction in the legal duty. The
rule that requires the exercise of the utmost care and vigi-
lance to guard against accident extends to every case in
which a carrier receives and agrees to transport another
not in its employment, whether by contract with the per-
son to be carried or with some other person by whom the
person to be carried is employed for the purpose of trans-
acting the employer's business upon the cars or other con-
veyances of the carrier. In case the person so to be carried
is injured through the negligence of the carrier or its ser-
vants, without his fault, his right to recover damages rests
upon the same basis as that of an ordinary passenger for
hire. Recoveries have been had on this basis in many
other cases besides those already cited. The principle has
been applied to postal clerks, express messengers, persons
riding on a drover's pass, and persons permitted to con-
duct a business on a public conveyance by arrangement with
the carrier. *Gleeson* v. *Virginia Midland Railway Co.* 140
U. S. 435; *Nolton* v. *Western Railroad Co.* 15 N. Y. 44;
*Blair* v. *Erie Railway Co.* 66 id. 313; *Brewer* v. *New York,
Lake Erie and Western Railroad Co.* 124 id. 59; *Pennsyl-
vania Co.* v. *Woodworth,* 26 Ohio St. 585; *Baltimore and*

*Ohio Railroad Co.* v. *State,* 72 Md. 36; *Decker* v. *Chicago, Milwaukee and St. Paul Railway Co.* 102 Minn. 99; *Illinois Central Railroad Co.* v. *Crudup,* 63 Miss. 291; *Grant* v. *Raleigh and Gaston Railroad Co.* 108 N. C. 462; *Hammond* v. *Northeastern Railroad Co.* 6 S. C. 130; *Louisville and Nashville Railroad Co.* v. *Kingman,* 35 S. W. Rep. (Ky.) 264; *Norfolk and Western Railroad Co.* v. *Shott,* 92 Va. 34; *Commonwealth* v. *Vermont and Massachusetts Railroad Co.* 108 Mass. 7; *Yeomans* v. *Contra Costa Steam Navigation Co.* 44 Cal. 71; *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 Ill. 40; *Cavin* v. *Southern Pacific Co.* 136 Fed. Rep. 592; *Railroad Co.* v. *Lockwood,* 17 Wall. 375; *Yarrington* v. *Delaware and Hudson Co.* 143 Fed. Rep. 565; *Jennings* v. *Grand Trunk Railway Co.* 15 Ont. App. 477; 3 Thompson on Negligence, secs. 2649-2651; 2 Hutchinson on Carriers, (3d ed.) secs. 1017, 1018.

In Pennsylvania it has been held that the right of action of a postal clerk for injuries received while being carried in the mail car is only such as would exist if he was an employee of the railroad company, and does not stand on the same footing as that of a passenger. (*Pennsylvania Railroad Co.* v. *Price,* 96 Pa. 256; *Foreman* v. *Pennsylvania Railroad Co.* 195 id. 499.) But those decisions are based upon the construction of a statute of Pennsylvania. They hold that "passengers," as used in that statute, were intended to be distinguished from persons "lawfully engaged or employed on or about the roads, works, depots and premises of a railroad company, or in or about any train or car therein or thereon, of which company such person is not an employee," and that postal clerks are included within the latter class as distinguished from passengers. Those cases are therefore not in conflict with the doctrine of the other cases cited.

We have held that a railroad company, in contracting with an express company for the transportation of express

matter and the company's messengers in charge thereof, may require an exemption from liability for the negligence of its employees, and that a contract made by the messenger with the express company in consideration of his employment, assuming all risk of injury in the course of his employment, occasioned by the negligence of the railroad company, and releasing the railroad company from liability to him therefor, was not against public policy but would be enforced. (*Blank* v. *Illinois Central Railroad Co.* 182 Ill. 332.) The same rule has been applied to a like contract made by a sleeping car porter. (*Chicago, Rock Island and Pacific Railway Co.* v. *Hamler,* 215 Ill. 525.) The principle on which these cases were decided is, that the railroad company is not bound to receive and haul over its road express cars or sleeping cars or to furnish to the owners of such cars facilities for carrying on their business on its railroad. It may undertake to do so, but if it does, the undertaking is not the performance of a duty imposed by law but is a special contract, giving rights which, as a common carrier, it could not be compelled to grant. The principle is announced in numerous decisions of other courts but is not applicable here. There was no release of the appellant's liability, either by the appellee or by the government. Even if it be conceded that the appellant was not a common carrier as to the appellee and that the appellee was not a passenger, yet appellant was liable to the appellee for negligence to the same extent as to a passenger, and the fact that his contract to release the appellant from liability would have been valid is not important unless he actually made a contract to release it. The trial court therefore did not err in instructing the jury as to the measure of care required of the appellant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*