The principles controlling the correct determination of this case are succinctly stated in Barker v. Chicago, Peoria and St.Louis Railway Co. 243 Ill. 482. Barker was a postal clerk in the United States railway mail service, running between Peoria and Springfield over defendant's railroad. His injuries were received while he was attending to his duties in the mail car attached to the defendant's train, and were caused by a collision between that train and two coal cars which had run out upon defendant's main track from a switch connecting such track with an adjoining coal mine. The evidence tended to show negligence on the part of defendant's servants in permitting the coal cars to come upon the main track. Similarly, in the present case the evidence disclosed negligence on the part of the defendant. In resisting liability, the defendant railroad company in the Barker case, as the defendant in the *Page 314 
case at bar, made the contention, among others, that it was a governmental agency performing a governmental function, and was therefore not liable for the negligence of its employees. In disposing adversely to its contention, this court said: "The principle is well recognized that public officers and agents of the government are exempt, as such, from liability to answer for the acts of their subordinates. They are liable for their own personal negligence or defaults in the discharge of their duties but not for the acts or defaults of inferior officials in the public service, whether appointed by them or not. (Robertson v.Sichel, 127 U.S. 507.) The appellant, however, is not a public officer or a public agent. It is a contractor with the government for the performance of a special service, viz., the carrying of the mail, and the same reason does not exist for holding it exempt from liability for the negligence of its servants as for holding the post-master general or a post-master exempt from liability for the defaults of those who act under them in the public service, as agents of the government. `The responsibility of a public officer for the acts and defaults of those employed by or under him depends upon the question whether such persons are acting in the public service, as agents of the government, by direct appointment or by authorized sub-appointment, or whether they are his private agents and servants employed by virtue of his individual and independent authority and paid by and responsible to him, whom he can employ, retain and dismiss at will, "in other words, whether the situation of an inferior is a public office or a private service." (1 Am. Lead. Cas. 785.) If the subordinates are the agents and servants of the officer, not by an official employment but to assist him, as an individual, in the discharge of his official service, the reason ceases for the non-application of the doctrine of respondeat superior and for exemption from liability for their misconduct or negligence.' —Central Railroad and Banking Co. v. Lampley, 76 Ala. 357." The court accordingly held that *Page 315 
although the exemption of public officers from liability for negligence of their subordinates in the discharge of their duties is founded upon public policy, such exemption does not extend to a corporation contracting to do work for the government for compensation and with a view to profit and whose servants are employed and paid by it and subject to dismissal at its pleasure. In arriving at this conclusion, the court quoted with approval the following language employed by the Supreme Court of Virginia in Sawyer v. Converse, 17 Gratt. 230: "Such a contractor is in no just and proper sense an officer of the government, and though he may be said to be in a certain sense an agent of the government because he is engaged in working for the government, yet the laborers and others whom he employs under him in the execution of his contract cannot be said to be agents of the government, which does not know them, does not appoint them, does not control them, does not pay them and has nothing to do with them. He is not a public agent, because he is working for his own profit by fulfilling a contract which he has bound himself to perform and for which he is to receive compensation."
Application of the above cardinal principles can lead to but one conclusion in this case. The persons in charge of the registered mail package in controversy were private employees of the railroad company defendant and were not the employees, agents or servants of the United States or of its post-office department. To obtain a reversal of the judgment rendered against it the defendant contends, however, that its employees were "lent servants" of the post-office department, and that while engaged in any way in handling the mail they were temporarily the servants of the post-office department and not the private employees of the railroad company, and further, that a mail contractor is a public agent and, hence, not responsible for the omission, negligence or misfeasances of those employed under it when it has employed trustworthy persons of suitable skill *Page 316 
and ability, and did not itself coöperate in the wrong. The Appellate Court rested its affirmance of the judgment of the circuit court on the sound ground that there is a recognized legal distinction between the case of an officer of the post-office department sought be charged with the default of a subordinate in the public service, and the case of a carrier of mail under contract with the United States government sought to be charged with the result of the negligence of its servants who were not in the service of the post-office department and were not under the direction of a government agent at the time. "In our judgment," the court well said, "the old rule that a post-master is a public officer and not accountable for the misconduct of subordinates, who, though they may be appointed by him, are officers of the postal department, was never intended to cover a case like the present one." The decision of the Appellate Court is amply supported by the authorities cited in its opinion including Barker v. Chicago, Peoria and St. Louis Railway Co.supra.
Under the postal laws and regulations railroad companies are required to carry the persons in charge of the mails on railway postal cars just as they are required to carry the mail itself. Both the mails and the postal officers in charge of the mail are carried by virtue of the same duty and for one and the same compensation under the statutes and postal regulations. (Sawyer
v. Converse, supra; Collett v. London Northwestern Railway Co. 16 Q.B. 984.) At the time of the loss of the registered package in this case the employees of the defendant were engaged in an activity which had no more to do with the transportation of the mails than did the activities in which the employees of the railway company in the Barker case were engaged. In the case at bar the employees of the defendant were out in the company's yards at Ziegler engaged in a switching operation which involved the setting out of freight cars attached to the defendant's train and attaching a car of mine props *Page 317 
bound for a coal mine just outside of Royalton, the destination of the train of which they had charge. In the Barker case, the employees of the railroad company were in the process of handling some coal cars and negligently omitted to close a switch, allowing the cars to run out on the main track where a collision occurred injuring the railway postal clerk. The employees there failed to close the switch which permitted the coal cars to run out on the main line. In the instant case, the employees failed to close and lock the doors of the baggage car in which the mail was being carried and failed to leave any one to guard the mail. In both cases, there was an omission to perform a duty and the omission in each case resulted in an injury, in the one case to the postal clerk, in this case to the registered mail package. Manifestly, if the Barker case is distinguishable from the present case, the distinction is one without a difference.
The Supreme Court of Tennessee, in Pryor Brown Transfer Co. v.Gibson, 154 Tenn. 260, 290 S.W. 33, held that although a contractor for transportation of mail to and from a post office, is in a sense an agent of the Federal government, yet he is not a public agent, nor is his employee hired for that purpose. The Tennessee court cited with approval the decision of, and quoted from the opinion of this court in, Barker v. Chicago, Peoria andSt. Louis Railway Co. supra.
No useful purpose can be served by extending this dissent. My views are in accord with those expressed in the opinion of the Appellate Court, and I adhere to the rule announced and correctly applied by this court in the Barker case. Attention is directed to the following language of this court in that case in expressly disapproving many of the cases upon which the defendant in this case relies: "These cases proceed upon the theory that mail contractors are public agents and not responsible for the omissions, negligence or misfeasance of those employed by them. We *Page 318 
think the cases which hold the contrary are supported by the sounder reason."
The judgment of the Appellate Court, in my opinion, is right and should be affirmed.
STONE and FARTHING, JJ., concur in this dissenting opinion.