## DONEGAN v. BEASLEY, Mayor, et al.—181 S. W. (2d) 379.

Middle Section.   March 18, 1944.

Petition for Certiorari denied by Supreme Court, July 1, 1944.

370

Joe B. Weems, of Dickson, for plaintiff in error.

Ray Stuart, of Dickson, for defendant in error.

HOWELL, J.   This is a suit begun in a Magistrate's Court of Dickson County, Tennessee, by the plaintiff Robert Donegan against the defendants D. E. Beasley, who was Mayor of the Town of Dickson, C. M. Bates, who was the Town Marshal and the Town of Dickson, Tennessee, for damages for the alleged wrongful killing of a valuable bird dog belonging to the plaintiff, which was shot and killed by the Town Marshal on February 26, 1942.

There was a judgment for the plaintiff before the Justice of the Peace, against the defendants D. E. Beasley and C. M. Bates for $200, and the case was dismissed as to the Town of Dickson.   The record discloses that both defendants prayed and were granted an appeal to the next term of the Circuit Court.

It does not appear definitely from the transcript of the record and briefs of counsel just what the status of the case was when it was called in the Circuit Court.   On page 3 of the record is an appeal bond signed by the plaintiff and a surety from which it appears that the plaintiff appealed from the judgment of the Magistrate.   The

judgment was entered on April 7, 1942 and this appeal bond is dated April 9, 1942. Nowhere in the briefs and argument is any appeal by the plaintiff referred to. The appeal bond of D. E. Beasley was filed on April 8, 1942. We do not find any record showing that an appeal was perfected by the defendant C. M. Bates although counsel for both plaintiff and the defendant Beasley say in their briefs that Bates appealed and the minute entry on page 26 of the transcript shows that a judgment was entered in the Circuit Court against Bates for $200 and costs because he did not appear and prosecute his appeal from the Justice's judgment. The case was then tried by the Court and jury and a judgment entered against the defendant D. E. Beasley for $250 and the costs.

After proper procedure the defendant D. E. Beasley has perfected his appeal in error to this Court and has assigned errors which we will not discuss separately.

Some time previous to the killing of the dog by the Town Marshal advertisements appeared in the Dickson County Herald over the name of the Mayor D. E. Beasley, warning the public that there was evidence of mad dogs in or near Dickson and that ''All dogowners are hereby notified to keep their dogs tied up and not allow them to run at large.

''We have a City Ordinance that makes it unlawful for dogs to run at large, and the City Police have orders to impound or kill all dogs running loose.'' These notices were signed, D. E. Beasley, Mayor.

It is contended for the defendant Beasley that the publication of these notices was his only connection with the matter, that he gave no specific directions to the Marshal and that he was the duly elected Mayor and the defendant Bates was not employed by him but was the duly elected Town Marshal and that the duties of both of them were

defined by law and neither had any right or authority to issue orders to the other. The record does not disclose that the Mayor gave any instructions to the Marshal or had any connection with the killing of the dog other than to approve the publication of the notices in the newspaper as to the running at large of dogs.

We are of the opinion that the record does not disclose any liability on the part of the defendant Beasley.

In the case of Lunsford v. Johnston, 5 Tenn. Civ. App., 565, on page 568 it is said:

"We think it is a well settled rule of law that a public officer is not responsible for the wrongful act of a subordinate employed by him under proper legal authority, unless he has directed such an act to be done, or is guilty of negligence in respect of same, which directly and proximately contributed to the injury. Sherman & Redfield on Negligence, 6th Ed., Vol. 2, section 319; Robertson v. Sichel, 127 U. S., 507 [8 S. Ct., 1286, 32 L. Ed., 203]; Bowden v. Derby, 97 Me., 536 [55 A., 417], 63 L. R. A., 233 [94 Am. St. Rep., 516]; Scott County v. Fluke, 34 Iowa, 317; Barker v. Chicago, etc., Ry. Co., 243 Ill., 482 [90 N. E., 1057, 26 L. R. A. (N. S.), 1058, 134 Am. St. Rep., 382].

"In all of these cases it was held that public officers are not liable for the negligence of their subordinate officers, whether appointed by them or not; that the rule of respondeat superior does not apply. They are liable for their own negligence, and liability for that of their inferiors only arises where the latter are their personal agents or private servants. The exemption of a public officer from liability for the negligence of a subordinate official is said to rest on reasons of public policy."

In the case of Pryor Brown Transfer Co. v. Gibson, 154 Tenn., 260, beginning on page 265, 290 S. W., 33, 34, 51 A. L. R., 193, the Supreme Court said:

"The doctrine is thus stated in 1 Am Lead Cas. (3d Ed.), 621:

" 'With regard to the responsibility of a public officer for the misconduct or negligence of those employed by or under him, the distinction generally turns upon the question whether the persons employed are his servants, employed voluntarily or privately and paid by him, and responsible to him, or whether they are his official sub-ordinates, nominated perhaps by him, but officers of the government; in other words, whether the situation of the inferior is a public officer or private service. In the former case the official superior is not liable for the inferior's acts; in the latter he is.'

"The foregoing statement is approved by the following authorities: Sherman & Redfield on Negligence, sec. 180.; Sawyer v. Corse, supra [17 Grat., Va., 230, 94 Am. Dec., 445]; Central Railroad & Banking Co. v. Lampley, 76 Ala., 357, 52 Am. Rep., 334; Raisler v. Oliver, 97 Ala. 710, 12 So., 238, 38 Am. St. Rep., 213; Barker v. Chicago, P. & St. L. R. Co., 243. Ill., 482, 90 N. E., 1057, 26 L. R. A. (N. S.), 1058, 134 Am. St. Rep., 382.

"In the last-named case it is said:

" 'The exemption of public officers from responsibility for the negligence or positive wrongs of their subordinates in the discharge of their public duties arises from considerations of public policy. Competent persons would not be willing to accept positions which imposed upon them liability for torts and wrongs committed by subordinates whom they did not appoint and could not discharge.' "

██ The defendant Mayor was making an effort, by the publication of these notices, to warn or protect the citizens of Dickson of the potential danger by reason of rabies said to exist in the County and was doing his duty as Mayor of Dickson, and in the absence of any proof that he had any further connection with the killing of the plaintiff's dog we cannot say that there was any evidence upon which a verdict against him could be based.

██ It is also insisted for the defendant Beasley that it was error for the trial Court to enter two judgments, one against the defendant Bates for $200 and one against the defendant Beasley for $250. As above stated the record is not clear as to who appealed the case to the Circuit Court other than the defendant Beasley. Regardless of this, however, we think it was error for the trial Court to enter the judgments separately as shown by the record. The defendants were sued jointly for a tort, the killing of plaintiff's dog, and the judgment could only be either for one amount against both or either of them. The liability, if any, was joint and several and the judgment could have been against either or both of them.

The law is well settled. In the case of Railroad v. Jones, 100 Tenn., page 512, beginning on page 515, 45 S. W., 681, 682, the Court said:

"The general rule, established by an unbroken line of authority, that when a plaintiff sues all joint tortfeasors, or any number less then all, for an injury, he is entitled to a verdict for full compensation against all the defendants when he succeeds in convicting them of the wrong, without regard to the degree of guilt of each defendant. So far as he is concerned, each joint tortfeasor is bound to compensate him for the full injury sustained, whatever may be the grade of the offense as between themselves. As in the case of a misdemeanor committed by

a number of persons all are principals, so all persons who contribute to the plaintiff's injury are liable to make good his whole loss, whatever may be the grades of their offense as between themselves. In the case of a joint wrong, the question is, 'Are the defendants guilty or not guilty; and, if guilty, what will compensate the plaintiff for his injury?'

"Mr. Addison, in his work on Torts, says: 'We have already seen that, where several persons commit a trespass in pursuit of one common design, each is answerable for the aggregate damage done by all. The jury cannot regularly assess several damages for one trespass with which the defendants are jointly charged; for though in fact one was more malicious and did greater wrong than the other, yet, all combining to do an unlawful act, the act of one is the act of all the parties present; and it is a rule of law that what the plaintiff hath laid joint in his declaration the jury cannot sever. Whenever, therefore, two or more persons are charged with a joint trespass, and both or all are found guilty, the jury cannot afterwards assess several damages. The damages must be assessed against all jointly, although all may not be equally culpable.' 2 Add. Torts, section 1395."

In the case of Tennessee Central R. R. Co. v. Vanhoy, 143 Tenn., 312, 226 S. W., 225, 229, the Court said:

"We are of the opinion that the trial judge was correct in instructing the jury that they could not apportion the verdict, but that they must return a joint verdict against all of the defendants found liable.

"In [Nashville] Railway & Light Co. v. Trawick, 118 Tenn., 273, 99 S. W., 695, 10 L. R. A. (N. S.), 191, 121 Am. St. Rep., 996, 12 Ann. Cas., 532, it was held by this court that where two or more parties are sued jointly for personal injuries, trespass, or other torts, and both

or all are found guilty, the jury cannot assess several damages against each defendant, but the damages must be assessed jointly, against all found guilty jointly, although all may not be equally culpable."

In view of our conclusion that there is no evidence in this record to support a verdict against the defendant Beasley we do not deem it necessary to discuss the other assignments of error as to the motion for a continuance, errors in the charge to the jury and in admission of testimony.

It results that the assignments of error are sustained, the judgment of the trial Court against the defendant Beasley is reversed and the suit dismissed at the cost of the plaintiff.

Reversed and dismissed.

Felts and Hickerson, JJ., concur.